UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| NORMAN ALLEN KERR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:18-157-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden,[1] | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Norman Allen Kerr is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Kerr filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, the Court will deny Kerr's petition.

In 2010, a jury convicted Kerr of being a felon in possession of a firearm, and the trial court sentenced him to 268 months in prison. *See United States v. Kerr*, No. 1:09-cr-290-NCT-1 (M.D.N.C. 2010). Kerr filed a direct appeal, and his case was remanded for resentencing, but the trial court imposed the same sentence on remand. *See id.* at R. 75, R. 108. Kerr then filed another direct appeal, but the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court. *See United States v. Kerr*, 737 F.3d 33 (4th Cir. 2013).

Kerr moved to vacate his sentence pursuant to 28 U.S.C. § 2255 and argued, among other things, that the jury actually found him *not* guilty of being a felon in possession of a firearm, as

---

[1] While Kerr named the United States of America as the respondent in this proceeding, the correct respondent is the warden of the facility where Kerr is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Therefore, the Court will substitute Warden J. Ray Ormond as the respondent in this proceeding.

evidenced by the trial transcript. The trial court, however, addressed Kerr's argument at length and denied his motion. *See United States v. Kerr*, No. 1:09-cr-290-NCT-1 at R. 171, R. 188 (M.D.N.C. 2017). Kerr appealed the trial court's decision, but the Fourth Circuit denied him a certificate of appealability and dismissed his appeal. *Id.* at R. 198.

Kerr has now filed a § 2241 petition with this Court. [R. 1.] While Kerr's petition is difficult to follow, he appears to be making numerous arguments related to his previously-litigated claim that the jury actually found him *not* guilty of the charge against him. Kerr cites numerous Supreme Court and federal circuit court cases to support his petition, and he asks this Court to "vacate [his] sentence and dismiss [the] indictment" against him. [R. 1 at 31.] Kerr also asks the Court to appoint him a lawyer to represent him in this case. [R. 4.]

As an initial matter, the Court will deny Kerr's request for the appointment of counsel. Kerr does not have a constitutional right to counsel in this civil case, and this matter does not present the kind of exceptional circumstances that would otherwise justify the appointment of counsel. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

The Court also will deny Kerr's § 2241 petition because it constitutes an impermissible collateral attack on his underlying conviction and sentence. While Kerr could and did challenge the legality of his conviction and sentence on direct appeal and in his § 2255 motion, he cannot do so now in his § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Kerr cannot use a § 2241 petition as a way of challenging his underlying conviction and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. But the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Here, while Kerr has cited and discussed multiple cases, he has not clearly identified an intervening change in statutory law that is relevant to his case. Thus, the principles set forth in *Wooten* and *Hill* are simply not applicable to Kerr's petition.

Accordingly, it is **ORDERED** that:

1. The Clerk of the Court shall **SUBSTITUTE** Warden J. Ray Ormond for the United States of America as the Respondent in this proceeding.

2. Kerr's motion for the appointment of counsel [**R. 4**] is **DENIED**.

3. Kerr's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

4. All other pending motions are **DENIED** as moot.

5. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

6. A corresponding Judgment will be entered this date.

This the 29th day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge